**DICKINSON WRIGHT PLLC**
John L. Krieger
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
Taylor A. Anello
Nevada Bar No. 12881
Email: tanello@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
*Attorneys for Plaintiff The Astound Group*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE ASTOUND GROUP, a Nevada corporation<br><br>Plaintiff,<br><br>vs.<br><br>FARADAY FUTURE, a California corporation<br><br>Defendant. | CASE NO.: 2:18-CV-00975-APG-CWH<br><br>**OPPOSITION TO DEFENDANT FARADAY FUTURE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Plaintiff The Astound Group, Inc. ("Astound"), by and through its undersigned counsel, the law firm of Dickinson Wright PLLC, hereby submits its Opposition to Defendant Faraday Future's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

///
///
///
///
///
///
///
///
///

1

This Opposition is based on the following Memorandum of Points and Authorities, the papers and pleadings already on file herein, and any oral argument the Court may entertain in this matter.

DATED this 24th day of August, 2018

DICKINSON WRIGHT PLLC

John L. Krieger
Nevada Bar No. 6023
Taylor A. Anello
Nevada Bar No. 12881
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff The Astound Group*

## Table of Contents

I. INTRODUCTION ...................................................................................................... 6

II. STATEMENT OF RELEVANT FACTS .................................................................. 7

III. LEGAL ARGUMENT ............................................................................................... 8

    A. Astound Has Sufficiently Plead a Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. ......................................... 8

        1. *Legal Standard Under Fed. R. Civ. P. 12(b)(6)* ............................................ 8

        2. *Astound's Claim for Breach of Covenant of Good Faith and Fair Dealing Is Well Plead.* ................................................................................. 9

        3. *Astound's Claim For Breach of Covenant of Good Faith and Fair Dealing Is not Duplicative of the Claim for Breach of Contract.* .............. 10

    B. **Astound Has Set Forth a Viable Claim for Promissory Estoppel.** ............. 12

        1. *Astound Adequately Sets Forth a Clear and Unambiguous Promise by Faraday upon Which Astound Relied to Its Detriment.* ...................... 12

        2. *Astound Undeniably Provides Sufficient Facts to Meet the Heightened Pleading Standard for Fraud and State a Claim Upon Which Relief Can Be Granted.* ..................................................................... 13

        3. *Astound's Promissory Estoppel Claim Is not Duplicative of Its Breach of Contract Claim.* ........................................................................ 14

    C. **In the Alternative, Astound Requests Leave to Amend the Complaint.** ......... 15

IV. CONCLUSION ....................................................................................................... 17



## Table Of Authorities

**Cases**                                                                                                          **Page(s)**

*A.C. Shaw Construction v. Washoe County*,
    105 Nev. 913, 914, 784 P.2d 9 (1989).................................................................9

*Allen v. United States*,
    964 F.Supp.2d 1239 (D. Nev. 2013).................................................................9

*American Savings & Loan Ass'n v. Stanton-Cudahy Lumber Co.*,
    85 Nev. 350, 455 P.2d 39 (1969).................................................................12, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).................................................................8

*Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*,
    98 Nev. 609, 655 P.2d 996 (1982).................................................................12

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008).................................................................8

*Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*,
    114 Nev. 1304, 971 P.2d 1251 (1998).................................................................9, 11

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997).................................................................13

*Ebeid ex rel. United States v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010).................................................................13

*Guz v. Bechtel Nat. Inc.*,
    24 Cal. 4th 317, 8 P.3d 1089 (2000).................................................................10

*Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*,
    107 Nev. 226, 808 P.2d 919 (1991).................................................................9, 10, 11

*Kattawar v. Logistics and Distribution Services, Inc.*,
    111 F. Supp.3d 838 (2015).................................................................10, 11

*Kennedy v. Carriage Cemetery Services, Inc.*,
    727 F.Supp.2d 925 (2010).................................................................9, 11

*Kern v. Levolor Lorentzen, Inc.*,
    899 F.2d 772 (9th Cir. 1990).................................................................10

*Kizer v. PTP, Inc.*,
    129 F. Supp. 3d 1000 (D. Nev. 2015).................................................................9

*Koepping v. Tri-Cty. Metro. Transp. Dist. of Oregon*,
   120 F.3d 998 (9th Cir. 1997)..................................................................................10

*Korhonen v. Sentinel Insurance, Ltd.*,
   No. 13-CV-00565-RCJ-NJK, 2014 WL 12789822 (2014)......................................15

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008).................................................................................8

*Mitchell v. Bailey & Selover, Inc.*,
   96 Nev. 147, 605 P.2d 1138 (1980).........................................................................9

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)....................................................................................9

*Navarro v. Block*,
   250 F.3d 729 (9th Cir.2001).....................................................................................8

*Nelson v. Heer*,
   123 Nev. 217, 163 P.3d 420 (2007).....................................................................9, 12

*Pink v. Busch*,
   100 Nev. 684, 691 P.2d 456 (1984).......................................................................12

*Sangster v. Sverdrup Civil, Inc.*,
   24 F. App'x 765 (9th Cir. 2001)..............................................................................10

*Torres v. Nev. Direct Ins. Co.*,
   131 Nev. Adv. Op. 54, 353 P.3d 1203 (2015).......................................................12

*United States v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016)................................................................................13

*United States ex rel. Grubbs v. Ravikumar Kanneganti*,
   565 F.3d 180 (5th Cir. 2009)..................................................................................13

*WuMac, Inc. v. Eagle Canyon Leasing, Inc.*,
   No. 12-CV-0926-LRH-VCF, 2013 WL 593396 (D. Nev. Feb. 14, 2013)..............14

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)....................................................................................................8

Fed. R. Civ. P. 9(b)......................................................................................................13

Fed. R. Civ. P. 12(b)(6)..................................................................................................8

Fed. R. Civ. P. 15(a)(2)................................................................................................15



## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Astound is a global design and fabrication house that builds end-to-end solutions for events, exhibits and environments. In late 2016 and early 2017, Astound was engaged by and provided its services to Defendant Faraday Future ("Faraday"). Faraday made payments to Astound in relation to some of the services provided, but there are still outstanding invoices in excess of $1.5 million for services and out-of-pocket expenses incurred by Astound for the benefit of Faraday. In the year or so after the outstanding invoices were presented to Faraday, Faraday continuously made misrepresentations to Astound regarding approval of the items on the invoices and its intention to compensate Astound for its services. However, now Faraday is disputing that it owes Astound anything, which has forced Astound to retain counsel and to file the instant action to recover damages incurred. In the Complaint, Astound set forth causes of action for (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) promissory estoppel/detrimental reliance; and (4) unjust enrichment.

Faraday's attempt to dismiss Astound's Second Cause of Action for Breach of Covenant of Good Faith and Fair Dealing and Third Cause of Action for Promissory Estoppel/Detrimental Reliance is without merit. Faraday's argument that the Second Cause of Action should be dismissed because (1) Faraday never executed the proposals sent by Astound, and (2) the claim is duplicative of Astound's claim for breach of contract, completely ignores the fact that a signature is not required to establish a valid contract for which redress can be afforded, and that Astound is permissibly asserting the Second Cause of Action as an alternative to its breach of contract claim. Faraday also argues for the dismissal of the Third Cause of Action for (1) allegedly not meeting the heightened pleading requirement under Fed. R. Civ. P. 9(b), and (2) as duplicative of the breach of contract claim. However, Faraday conveniently ignores a number of pertinent allegations in the Complaint that address the time, participants and substance of the alleged misrepresentations, which are undoubtedly sufficient to satisfy the pleading requirement and to establish that the Third Cause of Action is entirely separate and distinct from the breach of contract claim.


Based upon the foregoing, Astound respectfully requests that this Court deny Faraday's Motion to Dismiss. In the alternative, Astound seeks leave to amend its pleading to address any deficiencies that the Court may find.

## II.     STATEMENT OF RELEVANT FACTS

In October of 2016, Faraday engaged Astound to provide design and fabrication services for multiple upcoming projects and events, including the Stealth Labs 2016 Project ("Stealth Labs"), the 2017 Consumer Electronics Show Launch Event (the "CES 2017 Launch Event"), and the 2017 Consumer Electronics Show Booth (the "2017 CES Booth"; collectively referred to as the "Projects"). (*See* Complaint (ECF No. 1) ¶ 7.) In furtherance of this engagement, Astound provided Faraday with a proposed Memorandum of Agreement (the "MOA") in regards to the Projects, as well as proposals projecting costs for the Projects (the "Proposals"). (*Id.* ¶ 8).

Prior to the execution of the MOA or the Proposals for the Projects, on September 11, 2016, the Event Production Manager for Faraday, Dustin O'Neill ("O'Neill"), asked Astound to start working on the Projects in light of quickly approaching deadlines and continuously reassured Astound that the MOA would be signed. (*Id.* ¶¶ 9, 71.) Additionally, there was consistent verbal confirmation and reinforcement of the agreement between Faraday and Astound from all employees and directors at Faraday, including the Managing Director. (*Id.* ¶ 10.) Faraday gave numerous assurances that the Proposals were reasonable and would eventually be executed. (*Id.* ¶¶ 18, 22, 32, 33, & 45.) In short, Faraday solicited services from Astound, Astound provided Proposals outlining those services and projected costs, and Faraday approved and consented to the services provided by Astound on the Projects, constituting a valid contract between the parties (the "Contract").

As a result of the communications from employees and agents of Faraday, individuals at Astound were working almost exclusively on the Projects for Faraday for several months. (*Id.* ¶ 11.) The Managing Director and design directors at Faraday were undeniably aware of the work that Astound was doing for Faraday, and were actively engaging with Astound in on site meetings at Faraday. (*Id.* ¶ 12.) The working relationship between Faraday and Astound was a cross-



7

company, cross-departmental and multiple agency effort to get the Projects completed. (*Id.* ¶ 13.)

Faraday made some payments to Astound for services rendered, consistent with the overall Contract. (*Id.* ¶ 29.) However, the following invoices for services remain unpaid: (1) the Stealth Labs Invoice No. 2016846; (2) the CES Launch Invoice No. 2017198; and (3) the CES 2017 Booth Invoice No. 2016923 (collectively referred to as the "Invoices"). (*Id.* ¶¶ 25, 37, 44.) The exact services for which Astound seeks payment are detailed in the Invoices, which are attached as Exhibits 1 through 3 to the Complaint. To date, the Invoices total over $1.5 million. Now, after over a year of leading Astound on by repeatedly requesting documents, all of which have been provided to Faraday multiple times and high management turnover at Faraday, many of whom provided assurances payment on the Invoices would be forthcoming, Faraday's denial that it owes anything to Astound because (1) it did not execute the Proposals and (2) it did not request the services that are outlined on the Invoices is without merit and cannot serve as a basis to dismiss the Complaint. (*Id.* ¶¶ 45, 46, 64-67.)

### III.   LEGAL ARGUMENT

**A.   Astound Has Sufficiently Plead a Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing.**

*1.   Legal Standard Under Fed. R. Civ. P. 12(b)(6).*

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard set forth in Fed. R. Civ. P. 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations, but it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

Case 2:18-cv-00975-APG-CWH   Document 14   Filed 08/24/18   Page 9 of 18

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Kizer v. PTP, Inc.*, 129 F. Supp. 3d 1000, 1005 (D. Nev. 2015) (*citing Allen v. United States*, 964 F.Supp.2d 1239, 1251 (D. Nev. 2013)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

    2.    *Astound's Claim for Breach of Covenant of Good Faith and Fair Dealing Is Well Plead.*

It is well established Nevada law that *every* contract imposes upon the contracting parties the duty of good faith and fair dealing. *A.C. Shaw Construction v. Washoe County*, 105 Nev. 913, 914, 784 P.2d 9, 9-10 (1989) (emphasis added). "Every contract gives rise to a duty not to act arbitrarily or unfairly to the detriment of the other party." *Kennedy v. Carriage Cemetery Services, Inc.*, 727 F.Supp.2d 925, 929-930 (2010) (*citing Nelson v. Heer*, 123 Nev. 217, 163 P.3d 420, 427 (2007)). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 234, 808 P.2d 919, 923 (1991). Whether a party acted in good faith is a question of fact. *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (*citing Mitchell v. Bailey & Selover, Inc.*, 96 Nev. 147, 150, 605 P.2d 1138, 1139 (1980)).

Faraday attempts to avoid liability for breaching its covenant of good faith and fair dealing by arguing that a valid contract did not exist. Faraday's sole basis for denying a valid contract exists is pinned to the lack of a signature on the Proposals. (*See* Mot. Dismiss (ECF No. 12) at 10, ¶¶ 4-14.) However, this argument ignores the allegations in the Complaint; specifically, that Astound is alleging the existence of a valid contract implied-in-fact by the actions of the parties involved, with some express terms reflected in the Proposals. (Compl. ¶¶ 48-56.) Simply because Faraday did not sign the Proposals does not mean that there is no valid contract between the parties.

9

The covenant of good faith and fair dealing is implied in every contract, including those implied-in-fact. *See Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 777 (9th Cir. 1990), *disapproved of on other grounds by Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 8 P.3d 1089 (2000) (stating that "*every* contract includes a covenant of good faith and fair dealing," when analyzing the existence of an employment contract implied-in-fact); *Sangster v. Sverdrup Civil, Inc.*, 24 F. App'x 765, 767–68 (9th Cir. 2001) (holding that the plaintiff could not state a cause of action for breach of the implied covenant of good faith and fair dealing because he could not establish the existence of an implied-in-fact contract); *Koepping v. Tri-Cty. Metro. Transp. Dist. of Oregon*, 120 F.3d 998, 1005 (9th Cir. 1997) (reversing and remanding summary judgment on claim for breach of an implied covenant of good faith and fair dealing where appellant established the existence of triable issues as to whether an implied-in-fact contract existed). As explained above and made clear from the allegations in the Complaint, Faraday solicited services from Astound, Astound provided Proposals outlining those services and projected costs, and Faraday approved and consented to the services provided by Astound on the Projects, forming the Contract. Based upon the foregoing, Astound has sufficiently pled the existence of a valid contract, satisfying the first element required for a claim for breach of covenant of good faith and fair dealing.

      3.      *Astound's Claim For Breach of Covenant of Good Faith and Fair Dealing Is not Duplicative of the Claim for Breach of Contract.*

Faraday's argument that Astound cannot simultaneously assert a breach of covenant of good faith and fair dealing and a breach of contract claim is without basis. To reach this strained conclusion, Faraday manipulates and exaggerates the holdings in both *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991) and *Kattawar v. Logistics and Distribution Services, Inc.*, 111 F. Supp.3d 838 (2015) to purportedly bar Astound's claims for breach of covenant of good faith and fair dealing because Astound has also set forth a cause of action for breach of contract and the term "payment" is used in the allegations regarding breach of the covenant of good faith and fair dealing.

The holdings in *Hilton* and *Kattawar* actually stand for the proposition that a claim for breach of covenant of good faith and fair dealing is duplicative of a claim for breach of contract



10

where the only allegations of wrongdoing are violations of the express terms of the contract. *See Hilton*, 808 P.2d 919, *generally*; *Kattawar*, 111 F.Supp.3d 838, *generally*; *see also Kennedy.*, 727 F. Supp.2d 925, 931 (D. Nev. 2010) (holding that if the pleadings merely allege facts establishing a violation of the express terms of a contract, a claim for breach of the contractual covenant of good faith is duplicative of a breach of contract claim). The fact that there was also a separate breach of the express terms of the contract alleged does not preclude a claim for breach of covenant of good faith and fair dealing on other grounds. *See e.g. Consolidated Generator-Nevada, Inc.*, 114 Nev. 1304, 971 P.2d 1251 (holding that there were genuine issues of material fact regarding whether a breach of an implied covenant of good faith and fair dealing existed, where a breach of express warranties were also at issue).

      Here, Astound's cause of action for breach of covenant of good faith and fair dealing is set forth as a failsafe in the event that the Court finds that there was no breach of the Contract. The Contract, under which Astound pleads its breach of contract claim, is the overall agreement between Faraday and Astound, wherein Astound was retained to provide services to Faraday in relation to the Projects, with some of the payment terms for the Contract reflected in the Proposals. Again, Faraday has paid for some of the services rendered by Astound, acknowledging the existence of the Contract. However, in the approximate year and a half between the time that Faraday received the Invoices and the time that Faraday notified Astound that it disputed the charges on the Invoices, Faraday acted in bad faith by stringing Astound along in order for Astound to either complete work on other Projects or to defer any collection attempts on the Invoices.

      Specifically, in support of its claim for breach of covenant of good faith and fair dealing, Astound alleges that "Faraday has undeniably breached its duty by approving the work done by Astound and continuing to promise execution of contracts and resolution of the Invoices with no intention of actually doing so." (*See* Compl. ¶ 64.) Additionally, Astound alleged that "Faraday continues to delay payment in bad faith by repeatedly asking for documents and materials that have been provided multiple times." (*Id.* ¶ 65.) These actions were taken in bad faith by Faraday, to the detriment of Astound, for the purposes of leading Astound on, inducing Astound to complete

11

other projects, and delaying collections efforts, constituting a cause of action for breach of the covenant of good faith and fair dealing. *See Nelson*, 163 P.3d at 427 (holding that the implied covenant of good faith and fair dealing "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other.") The foregoing allegations are undoubtedly sufficient to establish a claim for breach of covenant of good faith and fair dealing.

**B.    Astound Has Set Forth a Viable Claim for Promissory Estoppel.**

*1.    Astound Adequately Sets Forth a Clear and Unambiguous Promise by Faraday upon Which Astound Relied to Its Detriment.*

Promissory estoppel is a recognized cause of action under Nevada law. *See e.g. Torres v. Nev. Direct Ins. Co.*, 131 Nev. Adv. Op. 54, 353 P.3d 1203 (2015). To establish a claim for promissory estoppel, the following four elements must exist:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Pink v. Busch*, 100 Nev. 684, 689, 691 P.2d 456, 459-60 (1984) (quoting *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 98 Nev. 609, 614, 655 P.2d 996, 998-99 (1982)). The promise giving rise to a cause of action for promissory estoppel must be "clear and unambiguous" in its terms. *Id.*

Here, Astound alleges that Faraday made promises that "the [P]roposals were reasonable, would be executed and that payment would be made." (Compl. ¶ 71.) Also, Astound alleged that it "reasonably relied upon Faraday's representations and continued to provide services in relation to Projects in order to ensure that Faraday met its tight deadlines," which included having multiple employees at Astound "working almost exclusively on Projects for Faraday for months." (*Id.* ¶¶ 11, 72.)

In *Torres v. Nev. Direct Ins. Co*, the Nevada Supreme Court explained that a promise of payment, upon which a claimant reasonably relies to continue performance of work, is a sufficiently "clear and ambiguous" promise for purposes of promissory estoppel. 131 Nev. Adv. Op. 54, 353 P.3d at 1209-1210 (citing *American Savings & Loan Ass'n v. Stanton-Cudahy Lumber*



*Co.*, 85 Nev. 350, 354, 455 P.2d 39, 41-42 (1969)). As such, Faraday's express and specific promises that it would sign the Proposals and pay the Invoices in order to get Astound to complete its work sufficiently states a claim for relief for promissory estoppel. (Compl. ¶¶ 9, 10, 15, 18, 19, 32, 33, 45, 71, & 72.)

    2. *Astound Undeniably Provides Sufficient Facts to Meet the Heightened Pleading Standard for Fraud and State a Claim Upon Which Relief Can Be Granted.*

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Particularity requires pleading of the time, place and nature of the alleged fraudulent activities. "Because this standard 'does not require absolute particularity or a recital of the evidence,' . . . a complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (*quoting Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal citations omitted)). "[I]t is sufficient to allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'" *Id.* (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998-999 (9th Cir. 2010); *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). The primary purpose of the heightened pleading standard for fraud is to provide the charged party with adequate notice of the particular misconduct which is alleged to constitute the fraud so that they can adequately defend the charge.

It is clear from the allegations in the Complaint that Astound has sufficiently pled the "who, what, when and how" to give Faraday notice of the wrongs being alleged. As explained above, Astound clearly and unambiguously sets forth the requisite detail that Faraday, through its various employees and agents, continuously promised payment on the Invoices and took actions to delay payment in bad faith, knowing that it never intended on satisfying the Invoices, thereby establishing the "what" (i.e., the promise that was made).

In the Complaint, Astound identifies the following individuals at Faraday with whom they

13

interacted and received promises from, either via email or in person: (1) Event Production Manager for Faraday, Dustin O'Neill; (2) "all employees and directors at Faraday, including the Managing Director"; and (3) "design directors." (Compl. ¶¶ 9-11.) The dates of this alleged misconduct are definite, as they all occurred between the time the Invoices became due and owing up through litigation. Astound also identified extremely specific dates that promises were made, along with the exact statements that were made. (*Id.* ¶¶ 9 &18.)

Again, the purpose of the heightened pleading standard is not to force a plaintiff to discover every detailed fact and piece of evidence to support its claim prior to filing litigation and allege them in the Complaint. The purpose of the heightened pleading standard is to give the party charged enough information to understand and investigate the cause of action. It would be disingenuous for Faraday to claim that they are unsure what the claim is with the multitude of facts set forth in the Complaint and identified herein. As such, the Court should not dismiss the Third Cause of Action.

    3.    *Astound's Promissory Estoppel Claim Is not Duplicative of Its Breach of Contract Claim.*

Faraday's argument that Astound's claim for promissory estoppel should be dismissed as duplicative of its claim for breach of contract is unfounded. The only case that Faraday cites to in support of its argument is an unreported Order Granting Motion to Dismiss in *WuMac, Inc. v. Eagle Canyon Leasing, Inc.*, No. 12-CV-0926-LRH-VCF, 2013 WL 593396 (D. Nev. Feb. 14, 2013). In *WuMac*, the Court dismissed the promissory estoppel claim as duplicative of the breach of contract claim. *Id.* However, the Court does not expand on its reasoning or go into any further analysis, nor does the Court provide details regarding the actual allegations being considered. *Id.* As such, the Court cannot – and should not- rely upon the order in *WuMac*.

What Faraday is ignoring is that there were three distinct projects being worked on by Astound during the relevant time period. The representations made by Faraday regarding execution of an MOA for an ongoing business relationship, as well as signature of the Proposals, induced Astound to take on additional work for Faraday. (*See* Compl. ¶ 9.) In fact, there were multiple employees at Astound who were working almost exclusively for Faraday for several months, at

14

the expense of other projects. (*Id.* ¶ 11.) Astound relied upon the continuous promise to pay on the Invoices, some of which are dated months earlier than others, in taking on more work for Faraday. Faraday would then repeat this cycle by approving or soliciting services from Astound and promising payment, all the while knowing that it did not intend on making the payment.

The cause of action for promissory estoppel seeks damages incurred as a result of Faraday's knowing misrepresentations made: (1) in the initial stages of the business relationship when Faraday was promising execution of the MOA and Proposals; and (2) in the time period between when the Invoices, each of them separately, were provided to Faraday to the present. Again, the only terms in the Proposals and Invoices are the costs of the services provided by Astound and the terms of payment (i.e. due date and interest incurring) relating to those specific services. That is all that is expressly contained in the documents making up the Contract. As such, it is unclear how the claim for promissory estoppel, which clearly entails promises and actions that are not addressed in the express terms of the Contract could be encompassed within the claim for breach of contract. Likewise, it is unclear how knowingly false promises of execution of the MOA and Proposals, which Astound relied upon in beginning work on the Projects, could be encompassed within the claim for breach of contract.

**C.     In the Alternative, Astound Requests Leave to Amend the Complaint.**

Although Astound disputes that there are any deficiencies with the allegations in the Complaint as currently drafted, in the event that the Court does not agree, dismissal of the claims should not be with prejudice. "If a court grants a motion to dismiss a compliant, it must then decide whether to grant leave to amend." *Korhonen v. Sentinel Insurance, Ltd.*, No, 13-CV-00565-RCJ-NJK, 2014 WL 12789822 at *2 (2014). Pursuant to Fed. R. Civ. P 15(a)(2), this Court should "freely give" leave to amend the Complaint where there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." "Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment." *Korhonen*, 2014 WL 12789822 at *2.

15

Here, it is clear that there has been no undue delay by Astound. The Complaint was served upon Faraday on July 11, 2018. (*See* ECF No. 3.) In response to the Complaint, Faraday filed the instant Motion on August 13, 2018. (*See* ECF No. 12.) Discovery has not yet commenced. As such, this matter is in its infancy. Further, allowing amendment to address issues raised by the opposing party in a motion to dismiss dispels any possibility that the amendment would be in bad faith or prejudicial to Faraday. It should be noted that Faraday essentially acknowledges that the foregoing factors weigh in favor of amendment because they are not even addressed in the Motion.

Instead, Faraday argues that amendment should not be granted because the purported deficiencies cannot be cured by amendment. On the contrary, it is clear that leave should be freely given as the arguments set forth in the Motion are alleged violations of the pleading standards, not of the merits of the cause of action. As to the claim for promissory estoppel, Faraday's primary argument is that the allegations are insufficient to meet the heightened requirement under Fed. R. Civ. P. 9(b). As for the cause of action for breach of covenant of good faith and fair dealing, the alleged deficiencies can be addressed by a statement clarifying that the claim is brought in the alternative to a breach of contract. Again, Astound has set forth sufficient facts to meet the relevant pleading standards and survive dismissal. However, if this Court is inclined to find otherwise, Astound should be given an opportunity to amend the Complaint to present additional facts and allegations in support of the claims at issue.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



16

## IV. CONCLUSION

Based upon the foregoing, Astound respectfully requests that this Court deny Faraday's Motion to Dismiss the Second and Third Causes of Action. However, in the event that this Court finds any deficiencies in the Complaint, Astound respectfully requests leave to amend.

DATED this 24th day of August, 2018

DICKINSON WRIGHT PLLC

John L. Krieger
Nevada Bar No. 6023
Taylor A. Anello
Nevada Bar No. 12881
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff The Astound Group*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August, 2018, I served a true and correct copy of the foregoing **OPPOSITION TO DEFENDANT FARADAY FUTURE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **CM/ECF ELECTRONIC NOTIFICATION** system addressed to:

WINSTON & STRAWN LLP
Erin R. Ranahan, Esq. (*pro hac vice*)
eranahan@winston.com
Shawn R. Obi, Esq. (*pro hac vice*)
sobi@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

CAMPBELL & WILLIAMS
Philip R. Erwin, Esq. (11563)
pre@cwlawlv.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

An Employee of Dickinson Wright PLLC