# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE ASTOUND GROUP, | Case No.: 2:18-cv-00975-APG-CWH |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 12] |
| FARADAY FUTURE, a California corporation, | |
| Defendants | |

Defendant Faraday & Future Inc. (incorrectly named in the complaint) moves to dismiss the breach of the implied covenant and promissory estoppel claims asserted by plaintiff The Astound Group. Faraday contends these claims are duplicative of Astound's breach of contract claim. It also argues that the promissory estoppel claim is not pleaded with the specificity required by Federal Rule of Civil Procedure 9(b). I grant the motion to dismiss but allow Astound leave to amend.

**Breach of the Implied Covenant**

Astound contends that it can simultaneously assert both breach of contract and breach of the implied covenant. A claim of breach of the implied covenant arises "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied. . . ." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991). Faraday argues the claim is inconsistent with a breach of contract claim because the breach of the implied covenant claim requires a showing of "literal compliance" with the contract. But it points to no cases holding that the breaching party must comply with the entire contract. As Astound notes, in theory a party could be liable

for breaching one part of the contract, and also breach the implied covenant by other actions that are "unfaithful to the purpose of" a different part of the contract. ECF No. 14 at 11. Thus, both claims can be pleaded simultaneously. However, Astound's complaint does not clearly plead separate facts giving rise to separate claims of breach of contract and breach of the implied covenant.

Astound also argues that its breach of the implied covenant claim is pleaded as an alternative "failsafe in the event that the Court finds that there was no breach of the Contract." ECF No. 14 at 11. While pleading in the alternative is permitted by Federal Rule of Civil Procedure 8(d), all of Astound's allegations are incorporated into each cause of action, without designating them as alternative claims. *See Maloney v Scottsdale Ins. Co.*, 256 Fed. Appx. 29, 31-32 (9th Cir. 2007) (holding that inconsistent allegations "were not pleaded in the alternative [because] they were expressly incorporated into each cause of action"). Thus, as pleaded, these are not alternative claims.

I dismiss the breach of the implied covenant claim. But Astound may be able to cure these pleading defects, so I grant it leave to amend. It should designate whether the claims are separate, alternative, or both.

**Promissory estoppel.**

Faraday argues that Nevada law does not recognize a claim for promissory estoppel. Astound points out that the Supreme Court of Nevada has recognized promissory estoppel in at least two cases. In *Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1209 (Nev. 2015) the court referred to promissory estoppel as a "theory." In *Pink v. Busch*, 691 P.2d 456, 459-60 (Nev. 1984), the court stated that "[p]romissory estoppel . . . can be used as a 'consideration substitute'

to support the release of liability under a guaranty contract." The court has thus not been clear whether promissory estoppel is a stand-alone claim or part of another claim.

At this stage, I need not decide whether promissory estoppel is a stand-alone claim under Nevada law. Astound's complaint puts Faraday on notice that it is pursuing promissory estoppel as a way to recover its alleged damages. I leave for another day whether Astound can prevail on it as an independent claim or whether it must be proven as a substitute element of another claim.

Faraday next contends that promissory estoppel is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). I need not decide whether Rule 9(b) applies in all cases where promissory estoppel is pleaded[1] because Astound does not dispute its applicability here. Astound's complaint includes specifics about some representations by Faraday manager O'Neill. ECF No. 1 at ¶¶ 9, 18. But many other allegations are vague and do not satisfy Rule 9(b). *See*, *e.g.*, *Id*. at ¶ 10 ("verbal confirmation and reinforcement . . . from all employees and directors at Faraday"), ¶ 14 (referring to "representations" but not identifying the substance or speakers), ¶ 46 (alleging "Faraday was misrepresenting its intentions" but not identifying the substance or speakers). Although Astound need not allege the details of every communication that gives rise to its claim, here Faraday is left to guess about who said what that caused Astound to believe it was hired and would be paid for its work.

I dismiss the promissory estoppel claim. But the defects in the complaint can be cured so I grant Astound leave to file an amended complaint. Again, Astound should designate whether

---

[1] Astound calls the statements giving rise to its promissory estoppel claim "knowingly false promises. . . ." ECF No. 14 at 15:14. As such, Rule 9(b) would apply. But promissory estoppel might arise even absent a knowingly false representation. *See Pink*, 691 P.2d at 459-60 (listing elements of promissory estoppel but not including intentional misrepresentation).

3

its promissory estoppel claim is separate, alternative, or both with regard to the breach of contract claim.

IT IS THEREFORE ORDERED that the motion to dismiss **(ECF No. 12) is granted**. Astound may file an amended complaint by April 19, 2019. If it does not, the case will proceed on the remaining claims.

DATED this 28th day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE